UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RUSSELL GENE CLIFTON, JR.,

    Plaintiff,

v.                                                                         Case No: 6:16-cv-499-Orl-28TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Russell Gene Clifton, Jr. brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Act. Plaintiff argues that the administrative law judge ("ALJ") erred in considering the medical opinions in the record and in evaluating Plaintiff's credibility. Based upon a review of the administrative record and the pleadings and joint memorandum submitted by the parties, and for the reasons that follow, I **respectfully recommend** that the Commissioner's final decision be **AFFIRMED,** pursuant to sentence four of 42 U.S.C. § 405(g).

### Background

Plaintiff, a former warehouse worker with a high school education, protectively filed applications for DIB and SSI on December 12, 2012, alleging that he became disabled on November 1, 2011 (Tr. 10, 182-94, 243). His applications were denied initially and on reconsideration, and he requested a hearing which was held on August 15, 2013 (Tr. 10,

32-54, 110-14, 116-21, 123-27, 137-41, 143). On September 13, 2013, the ALJ issued his decision denying Plaintiff's applications for benefits (Tr. 10-26). Plaintiff requested review by the Appeals Council, which was denied by order dated May 24, 2014 (Tr. 1-6).

Plaintiff appealed the administrative decision to the United States District Court for the Middle District of Florida and, on April 20, 2015, this Court reversed and remanded the case for further administrative proceedings (Tr. 760-775). On May 6, 2015, the Appeals Council entered a Notice of Order of Appeals Council Remanding Case to Administrative Law Judge (Tr. 754-758). A second administrative hearing was held on November 17, 2015 (Tr. 725-753). On January 21, 2016, the ALJ found Plaintiff not disabled and issued his unfavorable decision (Tr. 689-724). The administrative decision became final sixty days later, when the Appeals Council decided not to exercise its right to review (Doc. 1,¶ 6), and this action followed.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

Here, the ALJ performed the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his November 1, 2011 alleged onset date (Tr. 695). At step two, the ALJ determined that Plaintiff has the following severe impairments: right knee disorder, obesity and bipolar disorder (Tr. 695). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 697). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(h) and 416.967(h) except only occasional climbing of ramps or stairs but no climbing of ladders, ropes or scaffolds. The claimant can only occasionally perform balancing, kneeling, crouching and crawling. The claimant is limited to performing simple tasks and following simple instructions. He should only have occasional interaction with the public, co-workers and supervisors. The claimant is further limited to avoiding even moderate exposure to unprotected heights, uneven surfaces and moving mechanical parts.

(Tr. 702-03). At step four, the ALJ found Plaintiff unable to perform any past relevant work (Tr. 715). Relying on the testimony of a vocational expert ("VE"), the ALJ found, at step five, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (Tr. 716-717) and, therefore, Plaintiff was not under a disability through the date of the decision (Tr. 717).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42

U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote, 67 F.3d 1533, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

There is a presumption in favor of the ALJ's findings of fact, but the presumption does not attach to the ALJ's conclusions of law. Welch v. Bowen, 854 F.2d 436, 438 (11th Cir. 1988) (per curiam). The Court will reverse a final decision if the ALJ incorrectly applied the law or failed to provide sufficient reasoning for the Court to determine whether the ALJ properly applied the law. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1992).

## Discussion

Evaluation of Medical Opinions

Plaintiff objects to the ALJ's findings with respect to the medical opinion evidence offered by Veterans Administration examiners Dustin Hamilton, Psy.D., Jason Steward,

Ph.D., and Gabriela F. Ott, Psy.D.

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Winschel , 631 F.3d at 1178–79 (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).) When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. See 20 C.F.R. §§ 404.1527(c), 416.927(c).

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician *unless there is good cause to do otherwise*. See Lewis v. Callahan, 125 F.3d 1436 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. Lewis, 125 F.3d at 1440.

A consultative examiner's opinion is not entitled to the deference normally given a treating source. See 20 C.F.R. § 404.1527(c)(2); Crawford v. Comm'r, of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004). Nonetheless, all opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered

and evaluated by the ALJ. See 20 C.F.R. §§ 404.1527, 416.927, and Winschel.

### --Drs. Hamilton and Steward

On March 13, 2015, Plaintiff presented to Dustin Hamilton, Psy.D., and Jason Steward, Ph.D., for a consultative psychological evaluation at the VA (Tr. 1037-1042). Mr. Clifton was administered the Minnesota Multiphasic Personality Inventory – Second Edition (Tr. 1039). Drs. Hamilton and Steward noted that the validity indicators suggested possible random responding and the profile was likely to be invalid. Id. Plaintiff was also administered the Rorschach Inkblot Method and his scores suggested that his capacity for control and to deal with stress effectively was less than might be expected. Id. Drs. Hamilton and Steward noted that there were indicators that Plaintiff had a pattern of peculiar or disturbed thinking (Tr. 1040). They opined that:

> Mr. Clifton demonstrated significant mediational (thought) impairment, such that severe, possibly psychotic-like processes may be at work. This can be a disabling problem because the basic ingredient for adequate reality testing is severely impaired. Mr. Clifton is likely to disregard social convention and demonstrate inappropriate behaviors due (likely) to mediational dysfunction and problems in reality testing.

(Id.)

Drs. Hamilton and Steward continued:

> Mr. Clifton's scoring profiles suggest that he lacks the coping mechanisms to deal with stressful situations he experiences. He demonstrated legitimate problems with reality testing. Being able to read body cues and social nuances is likely to be quite difficult for him and he may misinterpret the intentions of others. Likewise, his expressions and forms of communication may be unconventional and off-putting to others. Social interactions are likely to be painful, and thus, avoided.

(Tr. 1041). The doctors noted that Plaintiff did not appear to be at immediate risk for

suicide, but his profile suggested that he may be prone to suicidal thoughts. Id. Drs. Hamilton and Steward's diagnoses included bipolar I disorder, severe with psychotic features, current or most recent episode depressed; panic disorder with agoraphobia; and unspecified personality disorder (Tr. 1041-1042).

The ALJ considered and summarized this evaluation in detail (Tr. 708-09), but did not explicitly state what weight, if any, he accorded to the opinion. Plaintiff argues this is error in that the ALJ "failed to account for Dr. Hamilton's opinion that Mr. Clifton lacks the coping mechanisms to deal with stressful situations at steps four and five of the sequential evaluation process." (Doc. 19 at 20). Upon review, I find the ALJ implicitly weighed this evaluation and any error in failing to explicitly state the weight given is harmless.

An ALJ is not required to use particular phrases or formulations as long as the court can determine what statutory and regulatory requirements the ALJ applied. See Jamison v. Bowen, 814 F.2d 585, 588-89 (11th Cir. 1987); see also Kemp v. Astrue, No. 08-12805, 2009 WL 163019, at *3 (11th Cir. Jan. 26, 2009) (unpublished) (affirming implicit finding as to weight given to VA rating where "the ALJ continuously refers to the VA's evaluations and disability rating throughout the evaluation process"). Here, the ALJ reviewed the VA records in great detail and made explicit reference to the conclusions expressed in the Hamilton report (Tr. 708-09). He then noted that he "carefully considered the medical evidence from the Veteran's Administration, as set forth above, and has reached a conclusion that the claimant's impairments are significantly limiting, but not disabling under the Social Security law and regulations." (Tr. 711). While finding that the VA reports "have provided insight in the claimant's severities" and according them "probative weight" (Tr. 711), the ALJ nevertheless determined that: "considering the

claimant's activities of daily living, the medical treatment records, the findings and opinions of physicians and medical consultants, the claimant retains the ability to perform work activities consistent with the residual functional capacity determined in this decision." (Tr. 712). Plaintiff's RFC assessment includes limitations to performing simple tasks and following simple instructions, and only occasional interaction with the public, co-workers and supervisors (Tr. 702-03). Thus, it is readily apparent that the ALJ did not overlook Drs. Hamilton and Steward's findings.

To the extent Plaintiff contends that the ALJ did not evaluate the doctors' finding with respect to his ability to deal with stressful situations, the contention is belied by the detailed administrative decision. The ALJ made particularized findings with respect to Plaintiff's abilities to handle activities of daily living, social functioning, and maintaining concentration, persistence or pace (Tr. 697-701). With respect to daily activities and maintaining concentration, persistence or pace, the ALJ referenced Exhibits 11F-16F - 'the more current records from the VA Medical Center" - which "showed persistent but not debilitating problems with these issues." (Tr. 712). The Hamilton report is Exhibit 14F. Therefore, I find the ALJ adequately considered and evaluated this report.[1]

*-Dr. Ott*

Plaintiff also objects to the ALJ's evaluation of the opinion of one time examiner Dr.

---

[1] Plaintiff also contends that the limitation in his RFC to "occasional" interaction with the public, co-workers and supervisors may not be adequately supported by the testimony of the VE as SSR 83-10 defines "occasional" as "occurring from very little up to one-third of the time," but at the administrative hearing, the ALJ defined "occasional" as occurring between "one-third and two-thirds of the work day, but no more than two-thirds of the work day" (Tr. 750). This error is of no moment as it occurred after the VE responded to the hypothetical question. The ALJ asked the VE a hypothetical question that included a limitation to occasional interaction with the public, coworkers, and supervisors, and the VE identified jobs that existed in significant numbers in the national economy that a hypothetical individual with Plaintiff's vocational profile and RFC could perform (Tr. 749-50). *After* this exchange, Plaintiff's counsel asked *the ALJ* to define "occasional," and *the ALJ*, not the VE, stated that it meant between one-third and two-thirds of the workday instead of up to one-third of the workday (Tr. 750-51). There is no evidence that the VE was using an incorrect definition when he testified.

Gabriela Ott. On January 26, 2012, Dr. Ott completed a Mental Disorder Disability Benefits Questionnaire (Tr. 347-357, 486-496). She opined that Plaintiff's mental impairments included a dysthymic disorder not otherwise specified, and a personality disorder, not otherwise specified, with avoidant and borderline features (Tr. 349, 488). Dr. Ott also opined that Plaintiff's personality disorder was manifested by the following symptoms: anger problems, volatile relationships, chronic poor sense of self; longstanding history of social awkwardness, poor social interactions, and a poor job history (Tr. 350, 489). His dysthymic disorder was manifested by the following symptoms: depressed mood, social isolation, poor self-esteem (chronic), anhedonia, irritability, sleep disturbance, lethargy, problems concentrating/focusing attention, and suicidal ideation (with no current plan or intent) (Id.). By checking a box on the questionnaire form, Dr. Ott opined that Plaintiff suffered occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking and/or mood (Tr. 351, 490). Dr. Ott did not check the box for "total occupational and social impairment." (Tr. 351). She found that Plaintiff's mental conditions existed before his service and were not aggravated by service (Tr. 357). The VA assigned Plaintiff a service-connected disability rating of ten percent for traumatic arthritis and no rating for his mental conditions (Tr. 347).[2]

Plaintiff argues that the ALJ failed to mention, let alone weigh, Dr. Ott's opinion, requiring remand under Winschel. Upon review, I am not persuaded. While the ALJ did not refer to Dr. Ott by name, he references the exhibit which includes her report (Exhibit 2F) several times in his decision. See Tr. 705, 710, 711. The ALJ stated that he "carefully

---

[2] This rating was later changed, as explained in the administrative decision (Tr. 711).

considered the medical evidence from the Veteran's Administration" (Tr. 711) and found the reports persuasive "as the objective medical evidence does show evidence of occupational and social impairments" but the records "do not demonstrate total impairments." (Id.). This echoes the language of Dr. Ott's report and is consistent with her findings. See Colon v. Colvin, No. 15-14547, 2016 WL 4727993, at *2 (11th Cir. Sept. 12, 2016) (holding ALJ's omission of statement of particular weight given to three medical opinions harmless because opinions were consistent with ALJ's conclusion and ALJ provided enough information so that "we are not left pondering why the ALJ made the decision he made"). Additionally, Plaintiff's representative tendered a brief to the agency (Tr. 320-322) which specifically discussed Dr. Ott's report and conclusions. In his decision, the ALJ stated that he reviewed the brief and "disagrees with the position that the claimant is disabled based on the objective evidence discussed above." (Tr. 711). Thus, the record indicates that Dr. Ott's opinion was not overlooked but was adequately considered. As substantial evidence in the treating records as detailed by the ALJ supports his conclusions as to Plaintiff's RFC, I find no error in the evaluation of the medical evidence.

### Credibility

Plaintiff contends that the ALJ's failure to assess the opinions of Drs. Hamilton, Steward and Ott renders the ALJ's credibility finding unsupported. Plaintiff cites SSR 96-7p for the proposition that "the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record." Plaintiff argues that because the ALJ failed to apply the correct legal standards to evaluation of the opinions of Drs. Hamilton, Steward and Ott, the ALJ's credibility finding is unsupported in that the ALJ did not consider whether these opinions supported Plaintiff's

testimony. Plaintiff's contention is without merit. The ALJ adequately considered the evidence, including the doctors' opinions. As the ALJ considered the entire record and his conclusions are supported by the substantial evidence he cites, no error is shown.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**, and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on February 2, 2017.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record